In re SUBPOENA DUCES TECUM SERVED UPON the OFFICE OF the COMPTROLLER OF the CURRENCY, Respondent.

Misc. Nos. 92–009.
Civ. A. No. 90–3538 (HAA).

United States District Court, District of Columbia.

Oct. 20, 1992.

Daniel Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC.

Lester L. Levy, Robert C. Finkel, Wolf Popper Ross Wolf & Jones, New York City.

Michael R. Cole, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ.

Richard T. Garofalo, Wells, Garofalo, Jaworski & Liebman, Paramus, NJ.

Brian McDonough, Shanley & Fisher, P.C., New York City.

Samuel Feldman, Orloff, Lowenbach, Stifelman & Siegel, A Professional Corporation, Roseland, NJ.

Jeffrey L. Darsie, Dept. of Justice, Civ. Div., Washington, DC.

James R. Van Horn, Sr. Vice President and Gen. Counsel, Citizens First Natl. of New Jersey, Glen Rock, NJ.

Robert A. Fagella, Zazzali, Zazzali, Fagella & Nowak, Newark, NJ.

## MEMORANDUM AND ORDER

BRYANT, Senior District Judge.

On February 26, 1992 this court stayed determination of plaintiffs' motion to compel the Office of the Comptroller of the Currency ("OCC") to produce certain documents, pending a ruling by the Court of Appeals of this Circuit in *In Re: Subpoena Served Upon the Comptroller of the Currency, and the Secre-*

*tary of the Board of Governors of the Federal Reserve System*, Nos. 91–5427 & 91–5428 (*"Fleet"*). On June 26, 1992 the court of appeals decided *Fleet*, 967 F.2d 630.

■ First, the Court of Appeals reaffirmed the principle that factual portions of OCC "notes and memoranda" are not covered by bank examiner or deliberative privilege. *Id.* at 635. Consequently, the OCC must make available the factual portions of certain documents sought by plaintiffs, subject to *in camera* review by the court in disputed cases.

■ Second, in regard to deliberative materials, i.e. those actually covered by the bank examination privilege, the Court of Appeals adopted a balancing test to determine whether good cause exists to override that privilege.

> [E]ach time [the bank examination privilege] is asserted the district court must undertake a "fresh balancing of the competing interests," which will frequently require it to examine the disputed documents *in camera*. In weighing the competing interests, we think that a court must consider at least the following factors (as enumerated by Judge Weinstein):
>
> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. *Id.* at 634 (citations omitted).

The court considers each of these factors in turn.

1. Relevance of the evidence sought to be protected.

■ Plaintiffs seek in part three OCC Reports of Supervisory Activity ("ROSAs"). In their underlying complaint against Citizens First Bancorp ("CFB"), C.A. No. 90–3538, plaintiffs allege that CFB made false and misleading statements regarding the contents of two of these reports, those for April and December 1989. Plaintiffs also allege that defendants failed to disclose material information, and made false and misleading statements about CFB's ability to pay dividends, based in part on misrepresentation of the contents of the May 1990 ROSA. Consequently the ROSAs are clearly highly relevant to plaintiffs' case.

2. Availability of other evidence.

CFB's own records, even if complete and maintained in useable form (there is evidence CFB's records are incomplete; see Finkel Affidavit at ¶¶ 15–19) cannot substitute for the ROSAs, whose contents form an essential part of plaintiffs' cause of action. Consequently the court finds that the OCC possesses highly relevant evidence apparently unavailable elsewhere.

3. Seriousness of the litigation and the issues involved.

This case involves allegations that CFB, its senior officers and directors, and its independent auditor, engaged in fraud on a massive scale to artificially inflate the price of CFB's publicly traded securities. Such allegations are undoubtedly serious, and raise fundamental issues regarding public confidence in the fairness of the financial markets.

4. Role of the government in the litigation.

This case involves the possibility that the OCC knew or should have known that CFB was misleading the public. While that may ultimately prove not to be the case, OCC nevertheless had regulatory duties with regard to CFB, a multi-billion dollar institution, which directly impacted the value of CFB stock and CFB's very viability. Thus, although it is not a defendant in this case, the government cannot claim to be uninvolved in the events at issue. *See In re Franklin Nat'l Bank Securities Litig.*, 478 F.Supp. 577, 587 (E.D.N.Y.1979). "Nine months before its collapse, the Franklin National Bank stood as the Nation's twentieth largest bank.... The inability of the bank regulatory system to detect and prevent that failure requires thorough exploration."

5. Future timidity of government employees.

The chilling effect of making certain limited material available to plaintiffs should not be exaggerated. Every future case involving the bank examination privilege will require a fresh balancing of factors. *Franklin Nat'l Bank,* 478 F.Supp. at 586. Nor can the disclosure requested in this case trigger a run on the bank. Finally, given the legal requirement that bank personnel cooperate with bank examiners, it is unlikely as a general matter that government employees will be significantly inhibited in their duties by the possibility of limited disclosure at a later date in circumstances analogous to those present here. *Seafirst Corp. v. Jenkins,* 644 F.Supp. 1160, 1164 (W.D.Wash.1986). Consequently any chilling effect cannot outweigh the factors compelling disclosure.

As a result of the above findings, the court holds that limited discovery serves "the paramount interest of the Government in having justice done between litigants." *Fleet,* 967 F.2d at 634 (citations omitted). Consequently, plaintiffs' Motion to Compel is GRANTED. Pursuant to the procedure endorsed in *Fleet,* the OCC may submit materials, other than the ROSAs, sought by plaintiffs which OCC considers not to be "factual portions of notes or memoranda," Order at 2, to the court for *in camera* review and possible redaction. The court will withhold material from plaintiffs only if it is not "primarily factual." *Fleet,* 967 F.2d at 635.

IT IS SO ORDERED.